IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY L. CURRY,**

        **Plaintiff,**

v.                                          **Civil Action No. 2:15cv29**
                                                **(Judge Bailey)**

**FEDERAL CORRECTION INSTITUTION
MORGANTOWN, WV; B. PLAVI, Counselor;
C. TURNER, Case Mgr., J. GRIBBLE,
Counselor,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. Introduction

On April 28, 2015, Timothy L. Curry, who was then a federal inmate confined at FCI Morgantown, filed this civil rights complaint. ECF No. 1. On June 9, 2016, the Plaintiff was granted leave to proceed *in forma pauperis*, and was directed to pay an initial partial filing fee of $38.47. The Plaintiff paid the initial filing fee on June 29, 2015. ECF No. 10. On November 12, 2015, the Plaintiff filed a notice of change of address [ECF No. 21], and the Bureau of Prisons website establishes that the Plaintiff was released from custody on March 11, 2016.[1] On May 26, 2016, an Order was entered directing the Plaintiff to refile his complaint because his original complaint was not in conformity with LR PL P 3.4.2. ECF No. 27. On June 20, 2016, the Plaintiff refiled his complaint.

### II. The Complaint

---

[1] It appears that the address the Plaintiff provided was his home address, because mail that has been received from the Plaintiff since his release from custody has had that same address as his return address.

The undersigned notes that in refiling his complaint, the Plaintiff again failed to comply with LR Pl P 3.4.2. Instead of filing out each portion of the complaint, as directed, it appears that the Plaintiff simply refiled his original complaint and affidavit. Accordingly, the Court could dismiss the complaint for failure to follow the Court's instructions. Nonetheless, the undersigned has reviewed the merits of the complaint, including the attachments.

The substance of the Plaintiff's complaint concerns his general allegation of gross and widespread discrimination at FCI Morgantown against prisoners of color. The Plaintiff alleges that prisoners of color are treated unfairly and in an inferior manner while white inmates are able to make deals with staff case managers and counselors to suppress the African-American inmate population through lies, tricks and housing discrimination. The Plaintiff further alleges that African American men are often treated as second class citizens and not respected on any level as white inmates and are considered liars without any investigation if any word is spoken against a white inmate, counselor or any other staff member.  The Plaintiff maintains that "this behavior" is at it's highest level in the Veteran's wing[2] of the facility.

Turning the his specific situation, the Plaintiff alleges that on January 2, 2015, he was assigned a cellmate name G.S.[3]  The Plaintiff indicates that on January 6, 2015, he met with Defendant Gribble and requested that G.S. be moved to another cubicle/cell because he refused to shower for four days, refused to help in cleaning the shared area,

---

[2]The Plaintiff maintains that he, himself, is a veteran.

[3]The undersigned has chosen to identify this inmate by his initials only.

and clearly had an issue with being in the same space with a person of color. In response, Defendant Gribble stated there were no additional lower bunks available in the veteran's wing. The Plaintiff contends that although he presented Defendant Gribble with other lower bunks that were empty within other wings in the same Bates housing unit, his request to move G.S. was still denied. The Plaintiff continued his efforts to have G.S. moved without success.

However, the Plaintiff alleges that on January 16, 2015, he was called to Defendant Plavi's office and told that he was being reassigned to another cubicle due to "institutional need." The Plaintiff maintains that inmate G.S. then began telling other inmates in the Bates Unit/Veteran's wing that he had made a deal with Defendants Turner and Plavi that if they moved the Plaintiff from his original cell, he would quit having his wife call and complain to government and prison officials about issues and concerns that he had at FCI Morgantown. It would appear that the Plaintiff was moved to a new cell on January 17, 2015.

Finally, the Plaintiff alleges that he was placed in the Special Housing Unit ("SHU"), where he was given a full body search, handcuffed and locked in a holding cell where pictures were taken of his hands and torso. The Plaintiff alleges he was never advised of his rights, nor was he advised of the reason that he was being detained in the SHU. He alleges that during the six days that he was confined in the SHU, he was held in 23 hour isolation and was unable to contact his elderly parent, with whom he normally would have contact on a daily basis.

For relief, the Plaintiff seeks $3,000,000. In addition, he seeks "justice and protection for all federal prisoners at this institution against any and all discrimination and violation of

their civil and human rights." ECF No. 29 at 9.

### III. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are  "clearly baseless."  See Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that

is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

## V. Analysis

The Prison Litigation Reform Act (PLRA) of 1996, placed an important limitation upon all actions arising from incarceration, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Here, the Plaintiff is seeking monetary damages for "mental pain and suffering and for a very serious issue that has not been addressed and will not be addressed by staff members at FCI Morgantown." ECF No. 29-1 at 6. However, he has failed to allege that he suffered from any physical injuries as the result of the events he describes in his complaint, and therefore, he is not entitled to monetary relief. Furthermore, the undersigned recognizes that the Plaintiff appears to be seeking injunctive relief in the form of action by this Court to eliminate protection for all inmates at FCI Morgantown against any and all discrimination and violation of their civil and human rights. As previously noted, the Plaintiff was released from the custody of the BOP on March 11, 2016, and his claim for injunctive relief was rendered moot by his release. Rendelman v. Rouse, 569 F.3d 182 (4th Cir. 2009).

## VI. Recommendation

5

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint, be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e) because he has no chance of success at receiving the relief requested.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 31, 2017

                                                 /s/ Michael John Aloi
                                               MICHEAL JOHN ALOI
                                               UNITED STATES MAGISTRATE JUDGE